IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELISSA MICHELE DARNER,

        Plaintiff,

v.

THE TWINS GROUP, INC.,

        Defendant.

Case No. 2:16-cv-450
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court on Defendant's Unopposed Motion to File Settlement Documents Under Seal. (ECF No. 19.) For the reasons that follow, the motion is **DENIED**.

Plaintiff, Melissa Michele Darner, filed this action on May 20, 2016 alleging that Defendant, The Twins Group, Inc., violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime compensation in her position as the Assistant General Manager of Defendant's Taco Bell location. The parties reported that they have reached a settlement agreement and now Defendant seeks leave to file the parties' Joint Motion for Approval of Their Settlement under seal because the proposed agreement includes a confidentiality provision.

Generally, employees' claims under the FLSA "are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). "The proper procedure for obtaining court approval for the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* The Court's task in approving

such a settlement is to ensure that there is a "bona fide dispute between the parties as to the employer's liability under the FLSA, lest the parties be allowed to negotiate around the FLSA's requirements concerning wages and overtime." *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

The courts have long recognized a strong presumption in favor of openness to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* (citing *Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 509–11 (1984). A district court that chooses to seal court records must set forth specific findings and conclusions justifying nondisclosure to the public, "even if neither party objects to the motion to seal." *Id.* at 306.

With respect to confidential FLSA settlements, the overwhelming majority of trial courts have likewise favored a strong presumption in favor of public access, although the Sixth Circuit has not yet spoken on the issue. *Zego v. Meridian-Henderson*, No. 2:15-cv-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012); *Kianpour v. Rest. Zone, Inc.*, No. 11-0802, 2011 WL 3880463, at *1 (D. Md. Aug. 30, 2011). Public access is favored because sealing an FLSA settlement agreement "contravenes the legislative purpose of the FLSA" and "could thwart the public's independent interest in assuring that employees' wages are fair." *Zego*, 2016 WL 4449648, at *1 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) and *Rodriguez v. El Pollo Regio, Inc.*, No. 3:11-cv-2276, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012)).

A court determines whether a settlement may be kept confidential by balancing the parties' interests in confidentiality against the presumption in favor of public access. *Zego*, 2016

WL 4449648, at *1. The "mere fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record open to the public." *Wolinsky*, 900 F. Supp. 2d at 338. Absent an "extraordinary reason," such settlement agreements should not be sealed. *Zego*, 2016 WL 4449648, at *1 (citing *Rodriguez*, 2012 WL 5506130, at *1)).

Here, Defendant asks the Court to seal the settlement agreement because "the parties negotiated a confidentiality provision with respect to the terms of the settlement." (ECF No. 19 at 1.) In support, Defendants cites two cases to argue that such a provision is valid and enforceable even though the Court is required to review and approve the settlement. In *Ochs v. Modern Design, Inc.*, No. 5:14-cv-635, 2014 WL 4983674, at Doc. 18 (N.D. Ohio Aug. 27, 2014), the court summarily approved filing the settlement documents under seal without discussion. In *Dillworth v. Case Farms Processing, Inc.*, 5:08-cv-1694, 2010 WL 776933, at Doc. 76 (N.D. Ohio Oct. 21, 2010), the court allowed the parties to file the settlement documents under seal but advised that it would be subject to unsealing if the court determined it could not review the fairness and reasonableness of the proposed settlement as sealed. The Court finds neither of these cases to overcome the strong presumption in favor of public access. Further, Defendant has not offered any extraordinary reason to justify filing the settlement documents under seal.

The Court therefore **DENIES** Defendant's Motion. The parties may choose to either continue litigation or to file the proposed settlement on the public docket for the Court's approval.

**IT IS SO ORDERED.**

1-19-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3